**JOHN GOYAK & ASSOCIATES, INC., Plaintiff—Appellee,**

v.

**James Edward TERHUNE; Elizabeth Ramona Terhune; J & E Consulting, Inc., Defendants—Appellants.**

**No. 08–16039.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2008.*

Filed Nov. 6, 2008.

■

David Z. Chesnoff, Richard A. Schonfeld, Chesnoff & Schonfeld, Las Vegas, NV, for Plaintiff–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

740

Brett D. Ekins, Jones Waldo Holbrook & McDonough PC, Mesquite, NV, Jerome Romero, Jones Waldo Holbrook & McDonough PC, Salt Lake City, UT, for Defendants–Appellants.

Before: BEEZER, BYBEE, and BEA, Circuit Judges.

MEMORANDUM **

In 2006, John Goyak & Associates, Inc. ("JG & A") entered into a one-year Contractor Consulting Agreement with J & E Consulting, Inc. The agreement included a non-solicitation clause. JG & A contends that the Terhunes solicited work from a JG & A client and attempted to interfere with JG & A's business relationship with its client. JG & A sought a preliminary injunction to bar the Terhunes for two years from soliciting or engaging in business with JG & A's clients and from interfering with JG & A's business relationships with its clients. The district court issued the preliminary injunction.

■ We review of a district court's grant of a preliminary injunction for abuse of discretion. *Nike, Inc. v. McCarthy,* 379 F.3d 576, 580 (9th Cir.2004).

■ Here, the district court applied the correct legal standard, and the district court's factual findings are supported by the record and are not clearly erroneous. Because JG & A demonstrated a combination of probable success on the merits of its breach of contract claim and the possibility of irreparable injury absent a preliminary injunction, the district court did not

abuse its discretion by granting the injunction. *See id.*

The scope of the district court's preliminary injunction, however, is neither consistent nor coterminous with the language of the agreement. Therefore, we remand the case to the district court to restructure the injunction so that its scope reflects the language of the agreement, and, further, that the injunction terminates two years from the expiration of the agreement.

**Each party bears its own costs on appeal.**

**AFFIRMED in part, REVERSED and REMANDED in part.**